09-5261-ag
Chen v. Holder

BIA
Mulligan, IJ
A078 400 044

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge,*
    GUIDO CALABRESI,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

MING XIA CHEN,
        *Petitioner,*

        v.                                  09-5261-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Ann Carroll Varnon, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Xia Chen, a native and citizen of the People's Republic of China, seeks review of a November 30, 2009, order of the BIA vacating immigration judge ("IJ") Thomas J. Mulligan's February 7, 2008, order denying Chen's application for asylum, withholding, and CAT relief and reinstating its prior final order of removal. *In re Ming Xia Chen,* No. A078 400 044 (B.I.A. Nov. 30, 2009), *vacating* No. A078 400 044 (Immig. Ct. N.Y. City Feb. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

To the extent the BIA reached its own determination that the IJ lacked jurisdiction over Chen's proceedings, the Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Insofar as it agreed with the IJ's finding that Chen failed to demonstrate a well-founded fear of persecution, the Court reviews both the IJ's and the BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d

Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA found that because the IJ lacked jurisdiction over Chen's motion to reopen, the IJ had erred in reopening her proceedings to consider her successive application for relief. Accordingly, the BIA vacated the IJ's decision and reinstated its prior order of removal. Because Chen does not raise this issue in her brief, she has waived any challenge to that dispositive finding. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007) (deeming arguments not raised before the Court abandoned).

Nevertheless, we note that the BIA did not err in finding that the IJ lacked jurisdiction to reopen Chen's proceedings and consider her new application for relief because jurisdiction had vested with the BIA when she appealed the IJ's decision denying her original application for relief. *See* 8 C.F.R. § 1003.23(b)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

3

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
